1  BERNSTEIN LITOWITZ BERGER
       & GROSSMANN LLP
2  BLAIR A. NICHOLAS   (Bar No. 178428)
   (blairn@blbglaw.com)
3  MATTHEW P. SIBEN   (Bar No. 223279)
   (matthews@blbglaw.com)
4  12481 High Bluff Drive, Suite 300
   San Diego, CA 92130
5  Tel:   (858) 793-0070
   Fax:   (858) 793-0323
6            -and-
   MAX W. BERGER
7  (max@blbglaw.com)
   GERALD H. SILK
8  (jerry@blbglaw.com)
   SALVATORE J. GRAZIANO
9  (sgraziano@blbglaw.com)
   NOAM MANDEL
10 (noam@blbglaw.com)
   1285 Avenue of the Americas
11 New York, NY 10019
   Tel:   (212) 554-1400
12 Fax:   (212) 554-1444

13 Attorneys for New York State
   Teachers' Retirement System;
14 and Proposed Lead Counsel to the Class

15              UNITED STATES DISTRICT COURT

16      CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

17 Avi Gold,                          Case No.  2:07-cv-00931-DDP (JTLx)

18        Plaintiff,                  MEMORANDUM OF LAW IN
                                      SUPPORT OF THE MOTION OF NEW
19 v.                                 YORK STATE TEACHERS'
                                      RETIREMENT SYSTEM FOR
20 Brad A. Morrice, et al.            APPOINTMENT AS LEAD
                                      PLAINTIFF, APPROVAL OF ITS
21        Defendants.                 SELECTION OF LEAD COUNSEL,
                                      AND CONSOLIDATION OF ALL
22                                    RELATED ACTIONS

23                                    Date:      May 7, 2007
                                      Time:      10:00 a.m.
24                                    Courtroom: 3
                                      Judge:     Hon. Dean D. Pregerson
25

26

27

28

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................... ii

PRELIMINARY STATEMENT ...................................................................... 1

BACKGROUND OF THE ACTIONS .............................................................. 2

ARGUMENT ............................................................................................... 5

   I.   NYS Teachers Should Be Appointed Lead Plaintiff ............................... 5

      a.   NYS Teachers Believes That It Has The Largest
           Financial Interest In The Relief Sought By The Class ........................... 5

      b.   NYS Teachers Otherwise
           Satisfies The Requirements Of Rule 23 ............................................. 7

      c.   NYS Teachers Should Be
           Appointed Sole Lead Plaintiff ....................................................... 10

   II.   The Court Should Approve NYS Teachers'
        Selection Of Lead Counsel ........................................................... 11

   III.   The Related Actions Should be Consolidated ............................... 13

CONCLUSION ............................................................................................ 15

# TABLE OF AUTHORITIES

Case                                                                                    Page

*Armour v. Network Associates,*
   171 F. Supp. 2d 1044 (N.D. Cal. 2001).................................................. 2

*Aronson v. McKesson HBOC, Inc.,*
   79 F. Supp. 2d 1146 (N.D. Cal. 1999)............................................... 6, 11

*Bowman v. Legato Systems,*
   195 F.R.D. 655 (N.D. Cal. 2000)........................................................ 2

*Casden v. HPL Technologies, Inc.,*
   2003 U.S. Dist. LEXIS 19606 (N.D. Cal. Sept. 29, 2003)................... 5

*In re Cavanaugh,*
   306 F.3d 726 (9th Cir. 2002) .......................................................... 5, 7

*In re Cendant Corp. Sec. Litig.,*
   404 F.3d 173 (3d Cir. 2005) ............................................................. 9

*Hevesi v. Citigroup Inc.,*
   366 F.3d 70 (2d Cir. 2004) ............................................................. 10

*In re Initial Public Offering Sec. Litig.,*
   214 F.R.D. 117 (S.D.N.Y. 2002)..................................................... 11

*In re Pfizer Inc. Sec. Litig.,*
   233 F.R.D. 334 (S.D.N.Y. 2005) ..................................................... 1

*Ruland v. Infosonics Corp.,*
   No. 06-CV-1231 (BTM),
   2006 U.S. Dist. LEXIS 79144 (S.D. Cal. Oct. 23, 2006).................. 5, 8

*Schriver v. Impac Mortgage Holdings, Inc.,*
   No. SACV-06-31 (CJC),
   2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006)................. 5, 9, 14

*In re Surebeam Corp. Sec. Litig.,*
   No. No. 03-CV-1721 (JM),
   2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003) .............. 5, 7, 11

*In re Waste Management, Inc. Sec. Litig.,*
   128 F. Supp. 2d 401 (S.D. Tex. 2000) ............................................. 1

Statutes, Rules & Regulations

15 U.S.C.
   § 78u-4(a)(3)(B)............................................................... 1, 5
   § 78u-4(a)(3)(B)(ii)........................................................... 14
   § 78u-4(a)(3)(B)(iii).......................................................... 5
   § 78u-4(a)(3)(B)(v)........................................................... 12
   § 77z-1(a)(3)(B) ............................................................... 1

Federal Rules of Civil Procedure
    Rule 42(a) ......................................................................................... 1, 14

Secondary Authorities

H.R. Conf. Rep. No. 104-369,
    104th Cong. 1st Sess. (1995),
    reprinted in 1995 U.S.C.C.A.N. 679, 690 ...................................... 9

1  New York State Teachers' Retirement System ("NYS Teachers")
2  respectfully submits this memorandum of law in support of its motion: (i) to be
3  appointed Lead Plaintiff pursuant to Section 27(a)(3)(B) of the Securities Act of
4  1933 (the "Securities Act"), 15 U.S.C. § 77z-1(a)(3)(B), and Section 21D(a)(3)(B)
5  of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-
6  4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995
7  (the "PSLRA"); (ii) for approval of its selection of Bernstein Litowitz Berger &
8  Grossmann LLP ("Bernstein Litowitz") as Lead Counsel for the Class; and (iii) for
9  consolidation of all related securities class actions pursuant to Fed. R. Civ. P.
10  42(a).

## PRELIMINARY STATEMENT

12  These class action lawsuits arise from violations of the federal securities
13  laws by New Century Financial Corporation ("New Century" or the "Company")
14  and certain of its officers and directors (collectively, "Defendants). During the
15  Class Period,[1] Defendants disseminated materially false and misleading
16  information to investors related to the Company's financial condition and results of
17  operations, while knowing or recklessly disregarding the actual undisclosed
18  adverse information regarding the Company's deteriorating finances and mortgage
19  origination business. Defendants' misstatements and omissions artificially inflated

---

[1] It is well-settled that the investor ultimately appointed Lead Plaintiff will have the obligation to determine, based on its investigation, the appropriate class period and particular claims to be asserted in the operative class action complaint filed subsequent to appointment by the Court. *See, e.g., In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 407 n.1 (S.D. Tex. 2000). For purposes of this motion, the longest publicly-noticed period applies. *See, e.g., In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005). As discussed below, the longest noticed class period in this case is February 3, 2005 through March 2, 2007 (the "Class Period").

1    the price of New Century's publicly traded securities and, as the true facts were

2    revealed, caused substantial damage to investors in New Century.

3         NYS Teachers believes that it is the "most adequate plaintiff" as defined by

4    the PSLRA and should be appointed as Lead Plaintiff for these actions.  NYS

5    Teachers has the largest financial interest in the relief sought in these actions by

6    virtue of the substantial sums it invested in New Century during the Class Period

7    and subsequently lost as a result of the Defendants' misconduct.[2]  NYS Teachers

8    further satisfies the requirements of Rule 23 of the Federal Rules of Civil

9    Procedure as an adequate class representative with claims typical of the other Class

10   members.  "As an institutional investor with a large financial stake in the outcome

11   of this litigation, [NYS Teachers] 'is exactly the type of lead plaintiff envisioned

12   by Congress when it instituted the lead plaintiff requirements.'"  *Armour v.*

13   *Network Associates,* 171 F. Supp. 2d 1044, 1051 (N.D. Cal. 2001), quoting

14   *Bowman v. Legato Systems,* 195 F.R.D. 655, 659 (N.D. Cal. 2000).  NYS Teachers

15   is, moreover, cognizant of the need to ensure that this action is prosecuted

16   efficiently and economically in the interests of the Class and has, to that end,

17   negotiated a fee arrangement with its chosen counsel, Bernstein Litowitz, to ensure

18   that counsel's fees will be reasonable if this action is successful.

19                    <u>**BACKGROUND OF THE ACTIONS**</u>

20        These actions arise from the sudden collapse of New Century, a now

21   bankrupt mortgage finance company focused on the subprime credit market.  New

22   Century is organized as a real estate investment trust ("REIT") under the laws of

23

24
_____

25   [2] A copy of the Certification of NYS Teachers is attached as Exhibit A to the
26   Declaration of Blair A. Nicholas (the "Nicholas Decl.").  This Certification sets
     forth the transactions of NYS Teachers in New Century securities during the Class
27   Period.

28

1  the State of Maryland, with its principal executive offices in Irvine, California.

2  Until recently, the Company's common stock traded on the New York Stock

3  Exchange ("NYSE") under the symbol "NEW."

4       Throughout the Class Period, Defendants artificially inflated the price of

5  New Century securities through false and misleading statements concerning the

6  Company's finances and mortgage lending business. In particular, at all relevant

7  times, the Company maintained inadequate reserves against losses associated with

8  loan delinquencies. These understated reserves caused the Company to

9  significantly overstate its publicly reported earnings. This manipulation created

10 the false and misleading impression that New Century employed appropriate

11 mechanisms and procedures to manage the risks associated with its subprime

12 lending business, thereby bolstering the Company's numerous false and misleading

13 statements to that effect during the Class Period.

14      During the period of Defendants' misconduct and the artificial inflation in

15 New Century stock, certain key officers and directors of the Company engaged in

16 massive insider sales. For example, from 2004 through 2006, the Company's three

17 top insiders alone—Defendants Brad Morrice (Chairman, President and CEO),

18 Robert Cole (former Chairman and CEO), and Edward Gotschall (Vice

19 Chairman)—personally obtained over $60 million from insider sales.

20      The investing public began to learn the true state of affairs at the Company

21 when, on February 7, 2007, New Century announced that it would restate its

22 financials for the first three quarters of 2006 and delayed filing its annual report on

23 Form 10-K for the fiscal year ended December 31, 2006. According to the

24 Company, its "restated net income [would be] significantly lower than previously

25 reported" for all three quarters as a result of the improper application of generally

26 accepted accounting principles ("GAAP") to the Company's financial reserves for

27 loan delinquencies. In essence, New Century admitted to overstating its financial

28 performance by maintaining inadequate reserves. The Company also disclosed

1    that it was investigating whether its financial statements for prior periods were

2    similarly misstated.

3        The announcement stunned the market, wiping out over $600 million in

4    market value in a one-day 36% drop from $30.16 to $19.24 per share, and

5    commenced a steady decline in the price of New Century stock to its current level

6    of approximately $1 per share.  Since the beginning of these disclosures, over $1.6

7    billion of the Company's market capitalization has been eliminated.  The U.S.

8    Securities and Exchange Commission ("SEC"), U.S. Attorney's Office, and the

9    Market Trading Analysis Department of the NYSE all have commenced

10   investigations related to these surprise disclosures and, on March 13, 2007, New

11   Century was suspended from trading on the NYSE.  New Century filed for Chapter

12   11 bankruptcy protection on April 2, 2007, and subsequently terminated over three

13   thousand of its employees.

14       Numerous class actions were filed in the Central District of California in the

15   wake of New Century's corrective disclosures.  The first such complaint, styled

16   *Avi Gold v. Brad A. Morrice, et al.*, was filed on February 8, 2007.  Numerous

17   notices of the pendency of the class actions were also published, alerting class

18   members to the April 10, 2007 deadline to submit motions seeking to serve as Lead

19   Plaintiff on behalf of New Century investors.  The first such notice, attached to the

20   Nicholas Decl. as Exhibit B, referred to a class period extending from May 4, 2006

21   until February 7, 2007.  Subsequent notices expanded this class period to extend

22   from February 3, 2005 through March 2, 2007.[3]  With the filing of this motion,

23   NYS Teachers satisfies the statutory requirements to be appointed as Lead Plaintiff

24   in these actions.

25

26   [3] A notice published on March 5, 2007 extended the class period forward to March
     2, 2007.  A subsequent notice published on April 5, 2007 extended the beginning
27   of the class period back to February 3, 2005.  These additional notices are attached
28   as Exhibit C to the Nicholas Decl..

**ARGUMENT**

## I.    NYS Teachers Should Be Appointed Lead Plaintiff

NYS Teachers respectfully submits that it should be appointed Lead Plaintiff because it is the movant "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA establishes a presumption that the "most adequate plaintiff" is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23 of the Federal rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002).

### a.    NYS Teachers Believes That It Has The Largest Financial Interest In The Relief Sought By The Class

NYS Teachers should be appointed Lead Plaintiff because it has the largest financial interest in the relief sought by the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii). Courts generally look to four factors in determining which movant has the largest financial interest in the litigation. These factors are: (i) the number of gross shares purchased during the class period; (ii) the number of net shares purchased during the class period; (iii) the total net funds expended during the class period; and (iv) the approximate losses suffered. *See, e.g., Ruland v. Infosonics Corp.*, No. 06-CV-1231 (BTM), 2006 U.S. Dist. LEXIS 79144, at *11 (S.D. Cal. Oct. 23, 2006); *In re Surebeam Corp. Sec. Litig.*, No. No. 03-CV-1721 (JM), 2003 U.S. Dist. LEXIS 25022, at *11 (S.D. Cal. Dec. 31, 2003) ("*Surebeam*"); *Casden v. HPL Technologies, Inc.*, C-02-3510 (VRN), 2003 U.S. Dist. LEXIS 19606, at *12 (N.D. Cal. Sept. 29, 2003).[4]  "These factors are useful, because they look to relatively

---

[4] Courts in this Circuit and elsewhere sometimes combine the first and second factor and describe the inquiry as focused on three, rather than four, factors. *See, e.g., Schriver v. Impac Mortgage Holdings, Inc.*, No. SACV-06-31 (CJC) (2006 U.S. Dist. Lexis 40607, at *13 (C.D. Cal. May 1, 2006).

1  objective indicators, such as number of shares purchased or sold, rather than to the

2  ultimate question of damages." *Aronson v. McKesson HBOC, Inc.*, 79 F. Supp. 2d

3  1146, 1158 (N.D. Cal. 1999) ("*McKesson*").

4        NYS Teachers purchased 1,362,500 shares of New Century common stock

5  on a gross basis during the Class Period.  During the same period, NYS Teachers

6  sold only a small portion of these shares, resulting in net purchases of 1,300,100

7  shares.  NYS Teachers expended a total of $52,745,180.00 on these purchases.  As

8  a result of the revelations of Defendants' misconduct, NYS Teachers suffered

9  approximately $50 million in losses, whether calculated on a LIFO ("last in, first

10  out") or FIFO ("first in, first out") basis.[5]  Specifically, NYS Teachers lost

11  $48,976,835.75 on a LIFO basis and $50,837,398.56 on a FIFO basis—in either

12  case over 90% of the value of its investment in the Company during the relevant

13  period.  The magnitude of NYS Teachers' financial interest in this litigation can be

14  summarized as follows:

15

16

17

18

19

20

21  _____

22  [5] FIFO and LIFO are the two principal accepted methods for calculating
approximate losses for purposes of appointing a Lead Plaintiff under the PSLRA.

23  Under the FIFO method, sales are offset against the movant's inventory of stock
acquisitions, starting with the earliest and moving chronologically forward (hence,

24  "first in, first out").  Under the alternative LIFO method, the sales are offset against
the movant's inventory of stock acquisitions, starting with the latest and moving

25  chronologically backward (hence, "last in, first out").  Charts reflecting the
calculation of NYS Teachers' losses on LIFO and FIFO bases are attached as

26  
27  Exhibits D and E, respectively, to the Nicholas Decl.

28

| Factor | NYS Teachers' Position |
|---|---|
| Gross Purchases: | 1,362,500 shares |
| Net Purchases: | 1,300,100 shares |
| Net Expenditures: | $52,745,180.00 |
| Approximate Loss (LIFO Calculation): | $48,976,835.75 |
| Approximate Loss (FIFO Calculation): | $50,837,398.56 |

Given the magnitude of its purchases, expenditures, and losses, NYS Teachers believes that it has the largest financial interest of any qualified movant seeking appointment as Lead Plaintiff.

### b.  NYS Teachers Otherwise Satisfies The Requirements Of Rule 23

NYS Teachers should be appointed Lead Plaintiff because it also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. On a motion to serve as Lead Plaintiff, the movant "need only make a preliminary showing of typicality and adequacy." *Surebeam*, 2003 U.S. Dist. LEXIS 25022, at *11 (internal quotation marks omitted); *see also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002). NYS Teachers satisfies both requirements in this case.

NYS Teachers' claims are typical of the claims of other Class members. "Typicality requires that the plaintiff's claim is aligned with the claims with the remainder of the class." *Surebeam*, 2003 U.S. Dist. LEXIS 25022, at *17. Under this element of Rule 23, the "presumptive lead plaintiff's claim must arise from the same event or course of conduct giving rise to the claims of other class members and be based on the same legal theory." *Id*. (internal quotation marks omitted). NYS Teachers' claims in this action arise from the very same course of misconduct at New Century as the claims of the other Class members—*i.e.*, the artificial

1  inflation and consequent market correction of the price of New Century's publicly

2  traded securities caused by Defendants' fraudulent public disclosures.

3  NYS Teachers likewise satisfies the adequacy requirement of Rule 23.

4  "Representation is adequate when the representative's interests are not antagonistic

5  to the interests of absent class members, it is unlikely that the action is collusive,

6  and counsel for the class is qualified and competent." *Ruland*, 2006 U.S. Dist.

7  LEXIS 79144, at *17.

8  NYS Teachers is adequate to represent the Class because its interests are

9  perfectly aligned with those of the other Class members and are not antagonistic in

10  any way.  As an investor in the artificially inflated publicly traded securities of

11  New Century that suffered substantial losses upon the Company's corrective

12  disclosures, NYS Teachers has an identity of interest with its fellow Class

13  members.  There are no facts suggesting that any actual or potential conflict of

14  interest or other antagonism exists between NYS Teachers and other Class

15  members.  NYS Teachers is also adequate to serve as Lead Plaintiff because the

16  action is in no way collusive and there exist no facts suggesting otherwise.

17  NYS Teachers has a significant interest in the outcome of the case to ensure

18  vigorous advocacy.  *See, e.g., id.* (finding adequate a proposed Lead Plaintiff that

19  "has adequate incentive to prosecute this action vigorously and states that he is

20  willing to serve as a representative on behalf of the class.")  As set forth above,

21  NYS Teachers suffered substantial losses on its investment in New Century

22  sufficient to ensure NYS Teachers' commitment to the vigorous prosecution of this

23  lawsuit.  NYS Teachers has likewise submitted a certification affirming its

24  understanding of the duties owed to Class members through its commitment to

25  oversee the prosecution of this Class action.  *See* Nicholas Decl., Exhibit A.

26  Through that certification, NYS Teachers accepts the fiduciary obligations it will

27  assume if appointed Lead Plaintiff in this action.  NYS Teachers' dedication to

28  overseeing the vigorous prosecution of this action is also evidenced through the

1  Declaration of Wayne Schneider, General Counsel of NYS Teachers, attached to
2  the Nicholas Decl. as Exhibit F (the "Schneider Decl.").

3  Moreover, NYS Teachers is a classic example of the sort of Lead Plaintiff
4  envisioned by Congress in its enactment of the PSLRA—a sophisticated
5  institutional investor with a real financial interest in the litigation. *See* H.R. Conf.
6  Rep. No. 104-369, at 34, 104th Cong. 1st Sess. (1995), reprinted in 1995
7  U.S.C.C.A.N. 679, 690 (explaining that "increasing the role of institutional
8  investors in class actions will ultimately benefit the class and assist the courts by
9  improving the quality of representation in securities class actions"); *Schriver*, 2006
10 U.S. Dist. LEXIS 40607, at * 14 ("The PSLRA's presumption that the most
11 adequate plaintiff is the plaintiff with the largest financial interest reflects a
12 congressional intent that institutional investors should be appointed lead plaintiff
13 wherever possible, as those investors are most likely to have the most at stake in
14 the case and to be sophisticated and competent litigants for the class."); *see also In*
15 *re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding that the
16 PSLRA establishes "a paradigm in which the plaintiff with the largest stake in the
17 case, usually a large and sophisticated institution, is accorded the status of lead
18 plaintiff and assigned the right to appoint and duty to monitor lead counsel for the
19 class").

20 NYS Teachers has selected Bernstein Litowitz as counsel to represent the
21 Class. As discussed in the Schneider Decl., the selection of Bernstein Litowitz as
22 counsel was accomplished through a competitive selection process in which
23 numerous highly capable and experienced firms were interviewed after written
24 proposals, including proposed fee structures. *See* Schneider Decl. at ¶ 4-5.[6]

25

26 [6] NYS Teachers has also retained separate bankruptcy counsel to act on behalf of
27 the Class in New Century's bankruptcy proceedings and counsel has already
   entered an appearance in that action.

28

### c.    NYS Teachers Should Be Appointed Sole Lead Plaintiff

NYS Teachers respectfully submits that, as the presumptively "most adequate plaintiff" under the PSLRA, it should be appointed sole Lead Plaintiff on behalf of all investors in the publicly traded securities of New Century.  It is well established that a Lead Plaintiff need not have invested in every discrete security contemplated in a class action or have standing to personally assert every such claim.  As the Second Circuit Court of Appeals has explained, for example:

> Nothing in the PSLRA indicates that district courts must choose a lead plaintiff with standing to sue on every available cause of action. Rather, because the PSLRA mandates that courts must choose a party who has, among other things, the largest financial stake in the outcome of the case, it is inevitable that, in some cases, the lead plaintiff will not have standing to sue on every claim.

*Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82, 82 n.13 (2d Cir. 2004) ("Any requirement that a different lead plaintiff be appointed to bring every single available claim would contravene the main purpose of having a lead plaintiff— namely, to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole.").

Nevertheless, it is likely that certain movants or their counsel will urge the court to diffuse the leadership of this class action and appoint Co-Lead Plaintiffs on behalf of "niche" investors, such as purchasers of preferred—rather than common—stock.  Specifically, at least two complaints have been filed on behalf of holders of preferred shares of New Century issued during the Class Period[7] and it

---

[7] The two complaints on behalf of plaintiffs transacting in New Century preferred shares are styled *Donald Johnson v. Robert K. Cole, et al.* (No. CV07-304) and *Joe*

1   appears likely that these plaintiffs and their counsel will seek to be appointed as

2   Co-Lead Plaintiff on the basis of such a "niche" argument.

3          Courts in this Circuit and elsewhere routinely reject such arguments in favor

4   of Lead Plaintiffs asserting the largest financial interest in the outcome of the

5   litigation. *See, e.g., McKesson*, 79 F. Supp. 2d at 1150-1151 (rejecting arguments

6   by "niche" plaintiffs on behalf of investors asserting claims under distinct

7   provisions of the federal securities laws, as well as by investors in distinct

8   securities); *Surebeam*, 2003 U.S. Dist. LEXIS 25022, at *28 ("In fact, the majority

9   of courts have refused to appoint niche lead plaintiffs, arguing that such a practice

10  defeats the PSLRA's goal of minimizing lawyer-driven litigation.") (internal

11  quotation marks omitted) (citing cases); *see also In re Initial Pub. Offering Sec.*

12  *Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002) (holding that the "possibility [] that

13  the court should cobble together a lead plaintiff group that has standing to sue on

14  all possible causes of action [] has been rejected repeatedly by courts in this Circuit

15  and undermines the purpose of the PSLRA."). This Court should likewise reject

16  any such "niche" arguments and appoint NYS Teachers as the sole Lead Plaintiff

17  in accordance with the PSLRA.

18  **II.    The Court Should Approve NYS
         Teachers' Selection Of Lead Counsel**

19

20         The Court should approve NYS Teachers' choice of the law firm of

21  Bernstein Litowitz to serve as Lead Counsel. Pursuant to the PSLRA, the Lead

22  Plaintiff is to select and retain Lead Counsel to represent the Class, subject to

23  _____

24  *Verne v. New Century Financial Corp., et al.* (No. CV07-320). In addition, one
    other complaint, styled *Roy Brown, et al., v. New Century Financial Corp., et al.*

25  (No. CV07-1349), claims to be on behalf of investors in call options related to

26  New Century stock. For the same reasons articulated in the text above, any effort
    to be appointed Co-Lead Plaintiff on behalf of that particular "niche" investor

27  should be rejected as well.

28  _____

1    Court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v). After a careful selection process,

2    NYS Teachers has selected and retained the law firm of Bernstein Litowitz. *See*

3    Schneider Decl.

4        Bernstein Litowitz is among the preeminent securities class action law firms

5    in the country, having been appointed sole or co-lead counsel in numerous

6    complex securities class actions in this District and around the country. *See, e.g.,*

7    Bernstein Litowitz's Firm Biography attached as Exhibit G to the Nicholas Decl.

8    Bernstein Litowitz served as co-lead counsel in *In re WorldCom, Inc. Securities*

9    *Litigation* (S.D.N.Y.), in which settlements totaling in excess of $6 billion—one of

10   the largest recoveries in securities class action history—were obtained for the

11   class. Bernstein Litowitz also served as co-lead counsel in *In re McKesson HBOC,*

12   *Inc. Securities Litigation* (N.D. Cal.), in which Bernstein Litowitz helped obtain a

13   $960 million settlement from the issuer defendant—the single largest settlement of

14   any securities class action within the courts of the Ninth Circuit—and an additional

15   $72 million from the defendant auditor. Since the enactment of the PSLRA,

16   Bernstein Litowitz has served as lead or co-lead counsel in numerous other

17   successful securities class actions in federal district courts within the Ninth Circuit,

18   including *In re Gemstar-Tv Guide Int'l Securities Litigation* (C.D. Cal.), *In re*

19   *Legato systems Inc. Securities Litigation* (N.D. Cal.), and *In re Network Associates*

20   *Securities Litigation* (N.D. Cal.). Other recent cases in which Bernstein Litowitz

21   has been recognized as an appropriate lead or co-lead counsel since the passage of

22   the PSLRA, include, for example, *In re Refco, Inc. Securities Litigation* (S.D.N.Y.)

23   and *In re Nortel Networks Corp. Securities Litigation* (S.D.N.Y.).

24        Further, as detailed in the Schneider Decl., NYS Teachers' selection of

25   Bernstein Litowitz as Lead Counsel is the result of a careful search in which NYS

26   Teachers considered the proposals of several qualified law firms, including

27   counsel's proposed fee structures for the case. *See* Schneider Decl., at ¶ 4-5.

28

Accordingly, the Court should approve NYS Teachers' selection of Bernstein Litowitz as Lead Counsel for the Class.

## III.    The Related Actions Should be Consolidated

There are at least twenty securities class action complaints pending in the Central District of California on behalf of investors in New Century securities:

| Abbreviated Case Name | Case Number | Date Filed |
|---|---|---|
| *Avi Gold v. Brad A. Morrice, et al.* | CV07-931 DDP (JTLx) | February 8, 2007 |
| *Richard Damore, et al., v. New Century Financial Corp., et al.* | SACV07-162 DDP (JTLx) | February 9, 2007 |
| *IRA for the Benefit of Kathleen M. Karicich v. New Century Financial Corp., et al.* | SACV07-165 DDP (JTLx) | February 9, 2007 |
| *Abramcyk Real Estate Company, Inc. v. New Century Financial Corp., et al.* | SACV07-170 DDP (JTLx) | February 9, 2007 |
| *Robert W. Boyd, III v. New Century Financial Corp., et al.* | SACV07-173 DDP (JTLx) | February 12, 2007 |
| *Gerald Hammer v. New Century Financial Corp., et al.* | SACV07-176 DDP (JTLx) | February 12, 2007 |
| *Donald E. Meyer v. Brad A. Morrice, et al.* | CV07-986 DDP (JTLx) | February 12, 2007 |
| *Paul Wood, et al. v. New Century Financial Corp., et al.* | SACV07-182 DDP (JTLx) | February 13, 2007 |
| *Tom Benefield v. New Century Financial Corp., et al.* | CV07-1103 DDP (JTLx) | February 16, 2007 |
| *Frank Mannella IRA v. New Century Financial Corp., et al.* | CV07-214 JVS (Ex) | February 20, 2007 |

| | | |
|---|---|---|
| Parmanand Kumar v. Brad A. Morrice, et al. | SACV07-227 DDP (JTLx) | February 22, 2007 |
| Peter J. Anton v. New Century Financial Corp., et al. | CV07-1260 JVS (MLGx) | February 23, 2007 |
| Roy Brown, et al., v. New Century Financial Corp., et al. | CV07-1349 DDP (JTLx) | February 28, 2007 |
| Stuart Wollman v. New Century Financial Corp., et al. | SACV07-251 DDP (JTLx) | March 2, 2007 |
| Bruce Novotne v. New Century Financial Corp., et al. | CV07-270 DDP (JTLx) | March 6, 2007 |
| Durston Winesburg v. New Century Financial Corp., et al. | CV07-1683 PSG (SHx) | March 13, 2007 |
| Donald Johnson v. Robert K. Cole, et al. | SACV07-304 AG (RNBx) | March 15, 2007 |
| Joe Verne v. New Century Financial Corp., et al. | SACV07-320 JVS (ANx) | March 16, 2007 |
| Richard Simmons v. New Century Financial Corp., et al. | CV07-311 DOC (MLGx) | March 16, 2007 |
| Glenn Gessford v. New Century Financial Corp., et al. | SACV07-367 CJC (VBKx) | March 28, 2007 |
| Huang v. Robert K. Cole, et al. | SACV07-387 JVS (ANx) | April 4, 2007 |

All of these actions present virtually identical factual and legal issues, as they all arise out of the same alleged course of misconduct, the purchase of artificially inflated New Century securities, and the subsequent decline in the value of those securities upon revelation of the truth. Accordingly, consolidation is appropriate here under the PSLRA, 15 U.S.C. § 78u-4(a)(3)(B)(ii), and Fed. R. Civ. P. 42(a). *See, e.g., Schriver*, 2006 U.S. Dist. LEXIS 40607, at *4-6

(consolidating cases where the "relevant allegations are the same in each of the related actions, and many of the related actions involve common legal questions, [because] consolidation would promote efficiency and avoid duplication of evidence and motion filing.").

## CONCLUSION

For the foregoing reasons, NYS Teachers respectfully requests that the Court: (i) appoint NYS Teachers as Lead Plaintiff pursuant to the PSLRA; (ii) approve NYS Teachers' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Dated: April 10, 2007                    Respectfully submitted,

                                         BERNSTEIN LITOWITZ BERGER
                                              & GROSSMANN LLP


                                         BLAIR A. NICHOLAS

                                         BLAIR A. NICHOLAS
                                         MATTHEW P. SIBEN
                                         12481 High Bluff Drive, Suite 300
                                         San Diego, CA 92130
                                         Tel:   (858) 793-0070
                                         Fax:   (858) 793-0323
                                                -and-


                                         SALVATORE J. GRAZIANO

                                         MAX W. BERGER
                                         GERALD H. SILK
                                         SALVATORE J. GRAZIANO
                                         NOAM MANDEL
                                         1285 Avenue of the Americas
                                         New York, NY  10019
                                         Tel:   (212) 554-1400
                                         Fax:   (212) 554-1444