1  BERNSTEIN LITOWITZ BERGER
    & GROSSMANN LLP
2  BLAIR A. NICHOLAS  (Bar No. 178428)
(blairn@blbglaw.com)
3  MATTHEW P. SIBEN  (Bar No. 223279)
(matthews@blbglaw.com)
4  12481 High Bluff Drive, Suite 300
San Diego, CA 92130
5  Tel:  (858) 793-0070
Fax:  (858) 793-0323
6      -and-
MAX W. BERGER
7  (max@blbglaw.com)
GERALD H. SILK
8  (jerry@blbglaw.com)
SALVATORE J. GRAZIANO
9  (sgraziano@blbglaw.com)
NOAM MANDEL
10  (noam@blbglaw.com)
1285 Avenue of the Americas
11  New York, NY 10019
Tel:  (212) 554-1400
12  Fax:  (212) 554-1444

13  Attorneys for New York State Teachers'
Retirement System; and Proposed Lead
14  Counsel to the Class

15

            UNITED STATES DISTRICT COURT
16

17     CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

18  Avi Gold,

19

20        Plaintiff,

21  v.

22  Brad A. Morrice, et al.

23

24        Defendants.

25

26

27

28

Case No.  2:07-cv-00931-DDP (JTLx)
LEAD CASE

MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF NEW YORK STATE TEACHERS' RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF AND IN OPPOSITION TO ALL OTHER MOTIONS

Date:        May 7, 2007
Time:      10:00 a.m.
Courtroom:  3
Judge:     Hon. Dean D. Pregerson

1

## TABLE OF CONTENTS

2
Page

3  TABLE OF AUTHORITIES ...........................................................................i-iii

4  I.      ARGUMENT.......................................................................................... 3

5          A.    NYS Teachers Is The Most Adequate
                 Plaintiff ........................................................................................ 3

6

7          B.    NYS Teachers Should Be  Appointed Sole
                 Lead Plaintiff................................................................................ 5

8  II.     CONCLUSION ................................................................................... 11

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

<u>Case</u>                                                                                      <u>Page</u>

*Albert Fadem Trust v. WorldCom, Inc.,*
      2002 U.S. Dist. LEXIS 15005 (S.D.N.Y. Aug. 15, 2002)......................... 7, 8

*Aronson v. McKesson HBOC, Inc.,*
      79 F. Supp. 2d 1146 (N.D. Cal. 1999)...................................... 3, 6, 7, 8

*In re Cavanaugh,*
      306 F.3d 726 (9th Cir. 2002) .............................................. 3, 4, 5

*In re Cendant Corp. Sec. Litig.,*
      404 F.3d 173 (3d Cir. 2005) ..................................................... 4

*In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.,*
      458 F. Supp. 2d 455 (E.D. Mich. 2006) ........................................ 8

*In re Doral Fin. Corp. Sec. Litig.,*
      414 F. Supp. 2d 398 (S.D.N.Y. 2006) ......................................... 8

*In re Enron Corp. Sec. Litig.,*
      206 F.R.D. 427 (S.D. Tex. 2002).............................................. 7, 8

*In re Gemstar-TV Guide Int'l, Inc. Sec. Litig.,*
      209 F.R.D. 447 (C.D. Cal. 2002)............................................... 1

*Glauser v. EVCI Career Colleges Holding Corp.,*
      236 F.R.D. 184 (S.D.N.Y. 2006)............................................... 9

*Gluck v. CellStar Corp.,*
      976 F. Supp. 542 (N.D. Tex. 1997) .......................................... 10

*Greenberg v. Bear Stearns & Co.,*
      80 F. Supp. 2d 65 (S.D.N.Y. 2000) .......................................... 10

*Hevesi v. Citigroup Inc.,*
      366 F.3d 70 (2d Cir. 2004) ................................................... 7

*In re Initial Pub. Offering Sec. Litig.,*
      214 F.R.D. 117 (S.D.N.Y. 2002)............................................... 8

*In re MicroStrategy Inc. Sec. Litig.*,
    110 F. Supp. 2d 427 (E.D. Va. 2000) ........................................................ 10

*In re Mills Corp. Sec. Litig.*,
    2006 U.S. Dist. LEXIS 50485 (E.D. Va. May 30, 2006) ............................. 8

*In re Northwestern Corp. Sec. Litig.*,
    299 F. Supp. 2d 997 (D.S.D. 2003) ............................................................ 8

*Sczesny Trust v. KPMG LLP*,
    223 F.R.D. 319 (S.D.N.Y. 2004) ................................................................ 9

*Schriver v. Impac Mortg. Holdings, Inc.*,
    2006 U.S. Dist. LEXIS 40607 (C.D. Cal. May 1, 2006) ............................. 2

*In re Surebeam Corp. Sec. Litig.*,
    2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003) ........................... 8

*In re Tyco Int'l, Ltd. Sec. Litig.*,
    2000 WL 1513772 (D.N.H. 2000) ............................................................. 9

*In re Waste Mgmt., Inc.*,
    128 F. Supp. 2d 401 (S.D. Tex. 2000) ...................................................... 10

*Weinberg v. Atlas Air Worldwide Holdings, Inc.*,
    216 F.R.D. 248 (S.D.N.Y. 2003) ................................................................ 9

*In re XM Satellite Radio Holdings Sec. Litig.*,
    237 F.R.D. 13 (D.D.C. 2006) ..................................................................... 9

**Statutes, Rules & Regulations**

15 U.S.C. § 78u-4(a)(3)(B) ......................................................................... 1

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) ............................................................ 3, 5

NYS TEACHERS' OPPOSITION MEMORANDUM
Case No. 2:07-cv-00931-DDP (JTLx)

The New York State Teachers' Retirement System ("NYS Teachers") is the most adequate plaintiff under the well-defined standards of the Private Securities Litigation Reform Act of 1995 (the "PSLRA").  *See* 15 U.S.C. § 78u-4(a)(3)(B) (establishing a presumption that the "most adequate plaintiff" is the movant with the "largest financial interest" in the relief sought by the class who can also make a *prima facia* showing that it is an adequate class representative under Rule 23). NYS Teachers suffered approximately $50 million in losses on transactions in the securities of New Century Financial Corporation ("New Century" or the "Company"), far greater than any other movant's claimed losses:

| **Movant** | **Claimed Approximate Loss**[1] |
|---|---|
| NYS Teachers | $50,837,398.56 |
| New Century Institutional Investor Group | $12,779,300.60 |
| Pension Trust Group | $5,182,797.80 |
| Charles Hooten | $4,762,675.00 |
| Eden-Zoghby Group | $1,134,207.91 |
| Retirement Systems | $568,496.00 |
| Stuart Wollman | $467,620.15 |
| Reinhard Barthel | $108,293.00 |
| Joe Verne | $52,520.00 |

Not only does NYS Teachers have the largest loss on New Century securities by far, but its loss is also substantially larger than the combined losses of all the other movants taken together.  NYS Teachers is, moreover, a single movant—rather than a group of unrelated investors—and, therefore, the preferred Lead Plaintiff under the PSLRA.  *See, e.g. In re Gemstar-TV Guide Int'l, Inc. Sec.*

---

[1] The claimed approximate losses set forth in this chart are calculated on a FIFO basis.  As set forth below, NYS Teachers' financial interest is far greater than that of the other movants regardless of how calculated.

1    *Litig.*, 209 F.R.D. 447 (C.D. Cal. 2002) ("courts have uniformly refused to appoint

2    as lead plaintiff groups of unrelated individuals, brought together for the sole

3    purpose of aggregating their claims in an effort to become the presumptive lead

4    plaintiff"). *See also Schriver v. Impac Mortg. Holdings, Inc.*, 2006 U.S. Dist.

5    LEXIS 40607, at *25 (C.D. Cal. May 1, 2006) (same). In addition, NYS Teachers

6    is a sophisticated institutional investor—precisely the sort of plaintiff that

7    Congress intended to direct securities class actions as Lead Plaintiffs under the

8    PSLRA. Accordingly, NYS Teachers respectfully submits that it should be

9    appointed as the sole Lead Plaintiff in this litigation on behalf of all New Century

10    investors during the relevant period.

11        The PSLRA establishes a procedural framework in which the movant with

12    the largest financial interest in the litigation is appointed Lead Plaintiff and

13    bestowed with the authority and responsibility to direct the lawsuit on behalf of all

14    investors harmed by the misconduct at issue. To otherwise appoint separate Lead

15    Plaintiffs on behalf of "niche" groups of investors in every isolated security of the

16    Company would do away with the orderly and judicially efficient structure

17    contemplated by the PSLRA, and likewise interfere with its goal of reducing

18    lawyer-driven litigation.

19        In this case, there are at least four different New Century securities at

20    issue—common stock, two classes of preferred stock, and stock options. To

21    appoint four separate Co-Lead Plaintiffs on behalf of each group of investors

22    would create an unwieldy, duplicative and multi-headed "litigation by committee,"

23    adding little benefit to New Century investors but interposing several additional

24    law firms between the Class and any recovery. It is for this reason that the vast

25    majority of courts to consider this issue have held that, as articulated in NYS

26    Teachers' opening brief and as discussed further below, the PSLRA does not

27    require appointment of separate Lead Plaintiffs to represent investors in every

28    single security at issue and, instead, creates a "statutory presumption that one lead

1  plaintiff can vigorously pursue *all* available causes of action against *all* possible

2  defendants under *all* available legal theories." *Aronson v. McKesson HBOC, Inc.*,

3  79 F. Supp. 2d 1146, 1151 (N.D. Cal. 1999) (emphasis in original).

4  ## I.   ARGUMENT

5  ### A.   NYS Teachers Is The Most Adequate Plaintiff

6  The PSLRA establishes a presumption that the "most adequate plaintiff" is

7  the movant with the "largest financial interest in the relief sought by the class and

8  otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil

9  Procedure."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also In re Cavanaugh*, 306

10  F.3d 726, 730 (9th Cir. 2002).

11  NYS Teachers has the largest financial interest in this litigation—a fact

12  beyond reasonable dispute.  As a result of Defendants' misconduct, NYS Teachers

13  sustained losses of approximately $50 million ($50,837,398.56 on a FIFO basis

14  and $48,976,835.75 on a LIFO basis), a sum approximately four times higher than

15  the next largest movant seeking appointment as Lead Plaintiff.[2]  NYS Teachers

16  ————————————————

17  [2] The complaints on file in this action utilize multiple different class periods.  As
18  set forth in NYS Teachers' opening brief, the appropriate class period for this
action will be determined by the Lead Plaintiff in connection with the filing of an
19  operative complaint and, for purposes of this motion, the longest publicly noticed
20  class period (2/3/2005 - 3/2/2007) should control.  Nevertheless, as demonstrated
below, under any of the class periods asserted in this action, NYS Teachers has the
21  largest approximate loss by a wide margin:

| Class Period | FIFO Loss | LIFO Loss |
| --- | --- | --- |
| 5/4/2006 – 2/7/2007 | $28,018,382.50 | $28,012,204.90 |
| 4/7/2006 – 2/7/2007 | $28,026,863.48 | $28,020,780.84 |
| 4/7/2006 – 3/2/2007 | $28,296,440.90 | $28,276,022.58 |
| 4/7/2006 – 3/13/2007 | $31,198,196.10 | $30,390,967.93 |
| 2/3/2005 – 3/2/2007 | $50,837,398.56 | $48,976,835.75 |
| 2/3/2005 – 3/13/2007 | $54,267,123.96 | $52,298,771.15 |

1  also satisfies the requirements of Rule 23. The "adequacy" and "typicality"

2  requirements are the elements of Rule 23 relevant to the determination of Lead

3  Plaintiff motions under the PSLRA. *See, e.g., In re Cavanaugh*, 306 F.3d at 730.

4  No other movant has proffered any facts even suggesting that NYS Teachers is

5  atypical or inadequate. No such facts exist.

6      NYS Teachers is certainly adequate to represent the Class in this action and

7  is, in fact, a classic example of the sophisticated institutional investor that

8  Congress had in mind in enacting the Lead Plaintiff provisions of the PSLRA. *See,*

9  *e.g., In re Cendant Corp. Sec. Litig.*, 404 F.3d 173, 180 (3d Cir. 2005) (holding

10 that the PSLRA establishes "a paradigm in which the plaintiff with the largest

11 stake in the case, usually a large and sophisticated institution, is accorded the status

12 of a lead plaintiff and assigned the right to appoint and duty to monitor lead

13 counsel for the class.").[3] NYS Teachers also satisfies the typicality requirement of

14 Rule 23 because NYS Teachers' interests are the same as those of other Class

15 members, its claims arise from the same course of misconduct as all other Class

16 members, there is no conflict of interest between NYS Teachers and the other

17 Class members, and NYS Teachers is subject to no unique defenses.

18      Having satisfied all of the requirements of the PSLRA, NYS Teachers is

19 entitled to the statutory presumption as the most adequate plaintiff and should be

20 appointed Lead Plaintiff.

21

22

23

24

---

25  [3] NYS Teachers' adequacy to represent the interests of all Class members is also
26  confirmed by NYS Teachers' pending motion seeking to freeze the assets of
    certain individual defendants in order to preserve those assets for the benefit of the
27  Class. NYS Teachers' adequacy is likewise confirmed by its participation in the
    ongoing bankruptcy proceeding concerning New Century, in which NYS Teachers
28  intends to zealously protect the interests of the Class.

---

1

2

**B.    NYS Teachers Should Be
       Appointed Sole Lead Plaintiff**

3       NYS Teachers' should be appointed sole Lead Plaintiff under the PSLRA

4    because it is the presumptively "most adequate plaintiff" under the PSLRA by

5    virtue of its enormous financial interest in this matter and fulfillment of the

6    relevant elements of Rule 23.   NYS Teachers respectfully submits that the Court

7    should decline the invitation of any other movant to appoint separate Lead or Co-

8    Lead Plaintiffs to represent the interests of investors in any particular New Century

9    security.   Such a ruling would run against the plain language and policy of the

10   PSLRA and be contrary to the decisions of the substantial majority of courts to

11   consider this issue.

12       The Lead Plaintiff presumption established by the PSLRA "may only be

13   rebutted upon *proof* by a member of the purported class that the presumptive lead

14   plaintiff" is inadequate to protect the interests of the Class.   15 U.S.C. § 78u-

15   4(a)(3)(B)(iii)(II) (emphasis added); *see also In re Cavanaugh*, 306 F.3d at 729 n.2

16   ("That the presumption is rebuttable does not mean that it may be set aside for any

17   reason that the court may deem sufficient.   Rather, the statute provides that the

18   presumption 'may be rebutted only upon proof . . . that the presumptively most

19   adequate plaintiff' does not satisfy the adequacy or typicality requirements of Rule

20   23.").   Here, no such proof exists.   Nevertheless, counsel for one movant, Mr. Joe

21   Verne—who invested in only one class of New Century preferred stock and, in

22   fact, asserts the *smallest* financial interest of any movant—attempts to carve out a

23   "seat at the table" through arguments concerning Mr. Verne's asserted standing to

24   bring certain claims against additional Defendants.[4]   In support of this position,

25

26   _____

27   [4]  *See* Memorandum of Law in Support of Joe Verne's Motion (Dkt. 25), at 4-5.
     Mr. Verne's counsel anticipated that he would not have the largest financial

28   interest in this matter and his opening brief, therefore, asserted arguments in favor
     of appointing him as a "niche" Lead Plaintiff.   To date, NYS Teachers is not aware

Mr. Verne's counsel bemoans the "unique status and concerns of preferred security holders" and speculates on the existence of a conflict of interest between investors in preferred and common shares.[5]  Such arguments have been repeatedly rejected by courts throughout the United States.

Aronson v. McKesson HBOC, Inc. ("McKesson") is directly on point.  In McKesson, just as in this case, "[m]any movants allege[d] claims against McKesson based on a variety of federal securities claims other than Rule 10b-5, or for transactions involving securities other than common stock." McKesson, 79 F. Supp. 2d at 1150.  Those plaintiffs "move[d] to be appointed lead plaintiffs for their 'niche' actions, claiming that their causes of action [were] so distinct as to justify appointment of multiple lead plaintiffs." Id.  The court in McKesson rejected the "niche" movants' arguments out of hand based on the plain language of the statute:

> The "niche" plaintiffs' arguments do not fully take into account that the Reform Act establishes a procedure for the court's speedy consolidation of all pending claims.  Under the Act, a member of the purported plaintiff class who wishes to challenge the appointment of a presumptively most adequate plaintiff must present proof that the presumptively most adequate plaintiff either (i) will not fairly and adequately protect the interests of the class or (ii) is subject to unique defenses that render that plaintiff incapable of adequately representing the class.  The "niche" plaintiffs have not met their statutory burden.  Their speculations about possible conflicts do not rebut the statutory presumption

of any other movant asserting similar arguments in this case.  Nevertheless, as all other movants have thus far submitted only their opening legal briefs, it is possible that other movants will raise similar arguments in their subsequent filings.

[5] Id. at 12-20.

1    that one lead plaintiff can vigorously pursue *all* available causes

2    of action against *all* possible defendants under *all* available legal

3    theories.

4  *Id.* at 1151 (internal statutory citations omitted) (emphasis in original).

5          Moreover, Mr. Verne's principal argument concerning the supposed

6  "conflict" that is said to exist between preferred and common shareholders focuses

7  on the fact that New Century is presently in bankruptcy—arguing, in essence, that

8  a limited fund exists to satisfy the claims of all investors.[6] That concern, however,

9  is answered by what are perhaps the two most well-known securities class actions

10  ever prosecuted under the PSLRA—those involving WorldCom, Inc., and Enron

11  Corp.—both of which involved bankrupt issuers and both of which, as in

12  *McKesson*, declined to appoint "niche" movants as Lead Plaintiffs. *Albert Fadem*

13  *Trust v. WorldCom, Inc.*, 2002 U.S. Dist. LEXIS 15005, at *6 (S.D.N.Y. Aug. 15,

14  2002) (appointing sole Lead Plaintiff); *In re Enron Corp. Sec. Litig.*, 206 F.R.D.

15  427, 251 (S.D. Tex. 2002) ("[R]equests for splintering the action or appointing

16  multiple Lead Plaintiffs to represent specialized interests, especially in light of the

17  common facts and legal issues here, would undermine the purpose of the PSLRA.

18  Therefore the Court denies the motions of the "Niche Plaintiffs" and addresses the

19  remaining applications."); *see also Hevesi v. Citigroup Inc.*, 366 F.3d 70, 82, 82

20  n.13 (2d Cir. 2004) ("[A]ny requirement that a different lead plaintiff be appointed

21  to bring every single available claim would contravene the main purpose of having

22  a lead plaintiff – namely, to empower one or several investors with a major stake in

23  the litigation to exercise control over the litigation as a whole.").[7]

24          Regardless of whether the movant with the largest losses has standing on all

25  causes of action, there is no need to appoint separate Lead Plaintiffs for the various

26

27  [6] *Id.* at 15-20.

28  [7] *Hevesi v. Citigroup Inc.* was an appellate decision concerning the *WorldCom* litigation.

securities at issue or the various potential claims that may be brought. *See, e.g., In re Initial Pub. Offering Sec. Litig.*, 214 F.R.D. 117, 123 (S.D.N.Y. 2002) ("Courts are constrained to choose a lead plaintiff who has, among other things, the largest financial stake in the outcome of the case. It stands to reason that in many cases, the instant cases included, the plaintiff with the largest financial interest may not have standing to sue on all causes of action."). In accord with the holdings in *McKesson*, *WorldCom*, *Enron*, and *In re Initial Public Offering*, a substantial "majority of courts have refused to appoint niche lead plaintiffs, arguing that such a practice defeats the PSLRA's goal of 'minimizing lawyer-driven litigation.'" *In re Surebeam Corp. Sec. Litig.*, 2003 U.S. Dist. LEXIS 25022, at *28 (S.D. Cal. Dec. 31, 2003).

Thus, for example, courts refuse to appoint Lead Plaintiffs on behalf of "niche" investors in preferred securities (as Mr. Verne's counsel here requests). *See, e.g., In re Delphi Corp. Sec., Deriv. & "ERISA" Litig.*, 458 F. Supp. 2d 455, 462 (E.D. Mich. 2006) ("[S]egregating out a sub-class of Delphi Trust I preferred securities purchasers is wholly unnecessary here where the claims of both the common stock and preferred securities purchasers are all predicated upon the same allegedly false and fraudulent representations and actions of Delphi Corporation and its officers and directors."); *In re Mills Corp. Sec. Litig.*, 2006 U.S. Dist. LEXIS 50485, at *12 (E.D. Va. May 30, 2006) (refusing to appoint a preferred stock owner as Co-Lead Plaintiff; "Mr. Rudolf contends that because he is the only class member among the four movants who owns preferred shares of Mills stock, he should be appointed as co-Lead Plaintiff to represent other similarly situated class members - members who own shares of preferred stock. The Court disagrees."); *In re Doral Fin. Corp. Sec. Litig.*, 414 F. Supp. 2d 398, 401 (S.D.N.Y. 2006) (declining to appoint "[l]ead plaintiffs for separate 'niche' classes" of investors in preferred securities); *In re Northwestern Corp. Sec. Litig.*, 299 F. Supp. 2d 997, 1007 (D.S.D. 2003) (declining to appoint an investor in

OPPOSITION TO LEAD PLAINTIFF MOTION
Case No. 2:07-cv-00931-DDP (JTLx)

1  preferred shares as Lead or Co-Lead Plaintiff because the other movant "appointed

2  as Lead Plaintiff need not have suffered a loss on each type of security at issue to

3  serve as the Lead Plaintiff in this litigation").

4       Courts likewise refuse to appoint "niche" Lead Plaintiffs on behalf of

5  investors with claims arising under different provisions of the federal securities

6  laws (as Mr. Verne's counsel here urges). *See, e.g., Weinberg v. Atlas Air*

7  *Worldwide Holdings, Inc.*, 216 F.R.D. 248, 253 (S.D.N.Y. 2003) (declining to

8  appoint a Co-Lead Plaintiff with Securities Act standing because it "is well

9  established that the Lead Plaintiff's claims do not have to be identical to the other

10 class members' claims and in fact, the idea that there should multiple Lead

11 Plaintiffs with standing to sue on all possible causes of action has been rejected by

12 the Southern District."); *In re Tyco Int'l, Ltd. Sec. Litig.*, 2000 WL 1513772, at *8

13 (D.N.H. 2000) (appointing one movant as "the lead plaintiff for all plaintiffs in this

14 consolidated action" despite the availability of different securities law claims to

15 other movants).

16      Indeed, district courts throughout the United States have rejected the notion

17 of appointing "niche" Lead Plaintiff in almost every other conceivable

18 circumstance. *See, e.g., In re XM Satellite Radio Holdings Sec. Litig.*, 237 F.R.D.

19 13, 20-21 (D.D.C. 2006) (declining to appoint Co-Lead Plaintiff on behalf of

20 options purchasers where the option movant's "financial loss is so dwarfed by that

21 of the stockholders, the creation of a sub-class and the potential for fragmenting

22 the litigation strategy is not warranted."); *Glauser v. EVCI Career Colleges*

23 *Holding Corp.*, 236 F.R.D. 184, 189-90 (S.D.N.Y. 2006) (declining to appoint a

24 Lead or Co-Lead Plaintiff on behalf of individual investors because, "[a]s a general

25 rule, however, when all plaintiffs are similarly situated in terms of injury (as they

26 are here), the class is best served by having one Lead Plaintiff and one Lead

27 Counsel to minimize legal fees."); *Sczesny Trust v. KPMG LLP*, 223 F.R.D. 319,

28 325 (S.D.N.Y. 2004) (declining to appoint a "niche" Lead Plaintiff on behalf of

1     options investors); *In re MicroStrategy Inc. Sec. Litig.*, 110 F. Supp. 2d 427, 440

2     (E.D. Va. 2000) (declining to appoint option holder as Lead Plaintiff for separate

3     subclass of option holders and explaining that "even assuming proper class

4     certification required a separate subclass of options-holders, the PSLRA requires a

5     district court to appoint a single lead plaintiff or lead plaintiff group for each class

6     action; there is no provision for multiple lead plaintiffs other than those joined as a

7     group."); *Greenberg v. Bear Stearns & Co.*, 80 F. Supp. 2d 65, 70 (S.D.N.Y. 2000)

8     (declining to appoint a Lead Plaintiff on behalf of a subclass because "[t]o do so

9     would be contrary to the unambiguous language in the statute and run counter to

10     one of the stated purposes of the PSLRA which is to 'minimize costs' and to 'give

11     control of the litigation to lead plaintiffs with substantial holdings to the securities

12     of the issuer.'") (internal quotation marks omitted); *Gluck v. CellStar Corp.*, 976 F.

13     Supp. 542 (N.D. Tex. 1997) ("[W]here the interest of one institutional investor in

14     the litigation far exceeds the interests of other purported plaintiffs, nothing

15     persuades the Court to appoint co-Lead Plaintiffs."); *In re Waste Mgmt., Inc. Sec.*

16     *Litig.*, 128 F. Supp. 2d 401, 432 (S.D. Tex. 2000) (declining to appoint a Lead

17     Plaintiff on behalf of a subclass of options investors).

18           Accordingly, NYS Teachers respectfully submits that this Court should

19     follow the substantial weight of authority opposed to the appointment of multiple

20     Lead Plaintiffs to represent "niche" investors and appoint NYS Teachers as sole

21     Lead Plaintiff in this action.

22     / / /

23     / / /

24     / / /

25     / / /

26     / / /

27     / / /

28     / / /

OPPOSITION TO LEAD PLAINTIFF MOTION
Case No. 2:07-cv-00931-DDP (JTLx)

## II.  CONCLUSION

For the foregoing reasons, NYS Teachers respectfully requests that the Court: (i) appoint NYS Teachers as sole Lead Plaintiff pursuant to the PSLRA; (ii) approve NYS Teachers' selection of Bernstein Litowitz Berger & Grossmann LLP as Lead Counsel for the Class; (iii) consolidate all related actions; and (iv) grant such other and further relief as the Court may deem just and proper.

Date:  April 23, 2007                    Respectfully submitted,

BERNSTEIN LITOWITZ BERGER
& GROSSMANN LLP

_____
BLAIR A. NICHOLAS

BLAIR A. NICHOLAS
MATTHEW P. SIBEN
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:   (858) 793-0070
Fax:   (858) 793-0323
        -and-
MAX W. BERGER
GERALD H. SILK
SALVATORE J. GRAZIANO
NOAM MANDEL
1285 Avenue of the Americas
New York, NY  10019
Tel:   (212) 554-1400
Fax:   (212) 554-1444